## Samuel Haudenschield et al., Appts., v. Elizabeth Haudenschield.

In an action in equity by a widow for an account of the rents, issues, and profits of lands, to one third of which she was entitled by the will of her husband, brought against the heirs in possession, *held*, that a decree in partition proceedings instituted by her would not deprive her of her share of such rents, issues, and profits, accruing between the death of her husband and the date of the decree, and that her right to her share of the proceeds of coal mined on the land would cease only when approved security had been given for the amount of owelty awarded to her on the partition.

*Held* further, that the parties having by agreement fixed a period for the termination of her claim, the court below properly held them to that period; and that the case was one for equity jurisdiction.

(Argued October 29, 1886. Decided November 15, 1886.)

October Term, 1886, No. 104, W. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Common Pleas No. 1 of Allegheny County in favor of complainant in a bill in equity for an accounting. Affirmed.

The bill was filed against Samuel Haudenschield, John E. Haudenschield, Jacob Haudenschield, and Samuel Haudenschield as guardian of Charles Haudenschield and William Haudenschield, all children of John Haudenschield, deceased.

The bill set forth that John Haudenschield, husband of plaintiff, died seised of about 60 acres of land, and that by his last will and testament he devised to plaintiff as follows:

"I devise and bequeath unto my beloved wife, Elizabeth, the one-third part of my personal estate absolutely, and one-third part of the rents, issues, and profits of my real estate for and during her natural life."

That said defendants after the death of decedent took possession of the land, collected the rents, issues, and profits, and dug, mined, and disposed of the coal therefrom, from the date of decedent's death, June 10, 1882, to April 1, 1885, and have rendered no account therefor to complainant and have refused so to do after due demand therefor; and prayed a decree that defendants account to complainant for the proceeds, products,

and rents of the land and for the coal taken therefrom and that one-third part thereof be paid to complainant, and for general relief.

The answer of defendants alleged that three of the defendants at the death of their father were minors, and that the last two are still minors, and that the said defendants with the complainant lived as one family; that they derived no profits except what resulted from their own labors in farming said land and the working of a small coal pit thereon; and further alleged that the complainant at June term, 1884, in the orphans' court of Allegheny county filed a petition for partition of said real estate and that the same was valued and the sum of $198.38 was charged upon said land to be paid to the said complainant annually and that no claim was set up by her, but on the contrary, taking said annual sum as a basis she capitalized her annuity and accepted from defendants a gross sum, and in lieu executed and delivered to defendants a quitclaim for all her interest in said land, and that the complainant is barred, therefore, from maintaining her bill.

The court appointed a master, who found the following facts: July 2, 1884, a petition was presented by the widow to the orphans' court for partition of the testator's real estate, and commissioners were duly appointed who divided the land, which was found (after paying expenses of partition) to amount to $9,919, and the heirs were directed to pay the widow the interest on one third of such sum or $198.38. Exceptions were taken by the heirs to this decree. Before the hearing of such exceptions an agreement was entered into between the heirs and the widow, dated April 11, 1885, which, after setting forth the facts above stated, provided, *inter alia,* as follows:

"On February 19, 1885, Samuel Haudenschield, for plaintiff, and as guardian of Charles H. and William Haudenschield, John E. Haudenschield, and Jacob Haudenschield, proposed to said Elizabeth Haudenschield to commute the annual sum payable to her for life under said proceedings in partition, by the payment to her of a gross sum of money, in determining which amount the said widow was, by agreement of the parties, treated as being entitled to such annual sum from the date of the death of the said John Haudenschield—in other words for the purpose of determining the amount to be paid her, her position and rights in the matter were admitted to be the same as if

she had begun said partition the day of the death of John Haudenschield. The said widow, however, claimed that she was entitled to a share in the product of a certain coal mine on the land of said decedent, to wit: one third, and to a like share in the rents, issues, and profits of said land, which was denied by the sons of the said decedent. Subject to this point of dispute the said widow agreed to accept the sum proposed and to assign, transfer, and set over to the said sons of decedent, all her right, title, interest, and claim in the estate, real, personal, and mixed, whereof said John Haudenschield died seised, and to release and discharge said parties of and from all arrearages accruing to her on the basis of said proceedings in proceeding as hereinbefore recited, provided, however, that if she could in law or equity show a right to the share claimed by her in the coal, rents, issues, and profits aforesaid, such transfer should not bar her right as to such matters between the date of the death of said John Haudenschield and April 1, 1885. She has the day of the date hereof assigned, transferred, and set over to the sons of said decedent, her right, title, interest, and claim aforesaid, and has released the arrearages aforesaid. And it is now mutually agreed between the said parties that said transfers and release are made and accepted upon the express understanding and agreement that the right of the said Elizabeth Haudenschield, either in law or in equity, to recover for any coal mined or for any rents, issues, or profits of the land aforesaid in excess of, or as distinguished from, the annual sum fixed or determined by the said proceedings in partition as far as the period between the death of said John Haudenschield and April 1, 1885, is concerned, shall not be thereby barred or impaired, although after April 1, 1885, in any event, such alleged rights shall absolutely cease."

The master found that the sum of $198.38 was based on the value of the lands as appraised at the time of the proceedings in partition and did not relate back to the death of the testator, nor were the rents, issues, and profits, or coal dug between these dates considered, nor could they have been in said partition proceedings. The master also found that coal had been dug and disposed of to the aggregate amount of $7,059.12; that the expense of mining and marketing and loss arising from bad debts was $5,167.17, leaving a net balance or profit of $1,891.95, one third of which the complainant was entitled to. The master

also found a net profit of $700 arising from the sale of farm products, one third of which he awarded to complainant. On exceptions to this report, the court held that the complainant was entitled to the value of one third of the coal mined, less the cost of mining, etc., as found by the master, but held that the agreement of April 11, 1885, by which the rent of the farm was fixed, covered any claim plaintiff might have had for the profits of the farm, and a decree was entered accordingly. Whereupon defendants appealed, assigning as error the action of the court in entering such decree and in not dismissing complainant's bill.

The appellants claim: 1. That under the agreement the widow stands as though she had begun proceedings in partition on the day of her husband's death with the allotment to her, on that day, of the amount of her annual charge, and therefore after that date she had, for the purposes of this case, no interest in the land itself, and of course could claim no account for coal taken out of it.

2. That the master in taking an account of the profits arising from mining the coal did not allow anything to John E. Haudenschield for his labor.

3. That equity has no jurisdiction of the controversy.

*John S. Ferguson,* for appellants.—The appellee in this case elected to take under the will of her husband. He devised to her a life estate in the undivided one third of his lands. She therefore took as a purchaser—not either as a dowress at common law or under our intestate laws. Shaffer v. Shaffer, 50 Pa. 394.

A tenant in common cannot maintain an action against his cotenant for use and occupation except on an express promise to pay rent. Kline v. Jacobs, 68 Pa. 57.

Nor could he maintain trover or trespass. Keisel v. Earnest, 21 Pa. 90; Bennet v. Bullock, 35 Pa. 364; Filbert v. Hoff, 42 Pa. 97, 82 Am. Dec. 493.

If it be conceded that equity would have given the appellee compensation from her cotenants, it must, we think, on the other hand, be admitted that she was bound to obtain such compensation in her bill for partition.

On partition in equity the court will dispose of all questions between the parties in relation to the land and afford complete relief. Scott v. Guernsey, 60 Barb. 163.

The widow is entitled to an account of the arrears of her dower. Hazen v. Thurber, 4 Johns. Ch. 604.

And she would not be limited to the time of filing her bill. Curtis v. Curtis, 2 Bro. Ch. 620.

*Frederick Luty,* for appellee.—The devise to Elizabeth Haudenschield gave her a life estate in the land. Anderson v. Greble, 1 Ashm. (Pa.) 136; Wilson v. McKeehan, 53 Pa. 79; Shoemaker's Appeal, 106 Pa. 392.

Tenant for life is entitled to profits from open mines. Wentz's Appeal, 106 Pa. 307; Neel v. Neel, 19 Pa. 323.

Elizabeth Haudenschield as tenant in common had a right to an account from the appellants. Act of October 13, 1840, § 19 (P. L. 7).

The words of this act are broad enough to include accounts between tenants in common, though this remedy was first given to them by statute 4 Anne, chap. 16, § 27, reported by the judges to be in force in this state. 3 Binn. 625. See also Frisbee's Appeal, 88 Pa. 146; McNickle v. Henry, 9 Phila. 243; Merrill's Appeal, Pittsb. Legal Jour. of July 28, 1886.

The case of Kline v. Jacobs, 68 Pa. 57, quoted by appellants, distinguishes proceedings for an account, and actions in assumpsit, trespass, and trover, by tenants in common against cotenants. SHARSWOOD, J., says: "The statute of 4 Anne, chap. 16, § 27, Robert's Dig. 48, introduced an amendment of the law in this respect by allowing the action against the cotenant 'as bailiff for receiving more than comes to his just share or proportion,' without proof of an express contract."

The above statute was reported by the judges to be in force in this state. 3 Binn. 625; Frisbee's Appeal, 88 Pa. 146.

PER CURIAM:

It is difficult to understand the process of reasoning by which the counsel for the appellants would carry back the effect of the decree in partition to the death of John Haudenschield, June 10, 1882, and this in the face of the agreement of the 11th of April, 1885, which fixes the first of April, 1885, as the time to which she may claim the rents, issues, and profits of the property in the event of her establishing her right thereto.

Without this agreement, her right to these rents, etc., or rather, to her share of the coal, would cease only when approved

security had been given for the amount of owelty which might have been awarded to her on the partition, but as the parties, by their agreement fixed a period for the termination of her claim, the court properly held them to that period. As to the complaint that John E. Haudenschield was not allowed for his labor in mining and marketing the coal, that is evidently founded on a mistake, for the master allows for mining and marketing the coal, and bad debts, the sum of $5,167.16. There can be no doubt that the case is one for equity jurisdiction; indeed, we cannot see by what other form of process the widow could have asserted her claim.

Decree affirmed and the appeal dismissed, at the costs of the appellants.